**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Trista Tramposch di Genova,<br><br>Plaintiff,<br><br>v.<br><br>Edgar Ethan Alexander Nosek, et al.,<br><br>Defendants. | No. CV-23-00524-TUC-JCH<br><br>**ORDER** |

In November 2023, pro se Plaintiff Trista Tramposch filed a civil rights Complaint under 42 U.S.C. § 1983 (Doc. 1). Plaintiff named Pima County Sheriff's Department employees Nosek, Noon, Roher, Lovato, and Bermudez as defendants. *Id.* at 1.

On February 29, the Court screened Plaintiff's Complaint and required Defendants Noon and Nosek to answer Plaintiff's First and Fourth Amendment claims. *See* Doc. 5 at 6. The Court dismissed Defendants Roher, Lovato, and Bermudez without prejudice. *See id.*

On April 1, Plaintiff filed an Amended Complaint. Doc. 6. Plaintiff again names Nosek, Noon, Lovato, and Bermudez as Defendants, but omtis Roher. *See* Doc. 6 at 1–2. However, some of Plaintiff's claims refer to Roher. *See* Doc. 6 at 3, 4, 6, 8. The Court previously dismissed Roher because Plaintiff alleged no facts against him. *See* Doc. 5 at 3–4. The Court construes Plaintiff's Amended Complaint as naming Roher as a defendant in addition to the defendants listed on pages 1–2.

The Amended Complaint alleges six counts naming various Defendants.

In Count One, Plaintiff invokes Fourth Amendment "protection against unreasonable search & seizure; expectation of privacy. . . ABUSE OF POWER" referring to "Defendants," "Bermudez," and "Nosek, Roher, and Noon";

In Count Two, Plaintiff invokes the Fifth Amendment "Due process clause on depriving person of freedom . . . ABUSE OF PROCESS" referring to "Defendants," "Nosek" individually, and "Nosek, Noon, and Roher";

In Count Three, Plaintiff invokes the First Amendment "Right to free speech & petition gov[ernment] with grievances . . . MALICIOUS PROSECUTION" referring to "Defendants" and "Nosek";

In Count Four, Plaintiff invokes the First and Fourth Amendment "Free speech protections & protection against unreasonable search & seizure … Unreasonable search & seizure" as well as "Conspiracy to deprive me of constitutional rights" against "Defendants" and "Nosek [and] Roher in particular";

In Count Five, Plaintiff invokes Fourth Amendment "protection against arbitrary arrest, unreasonable search & seizure … FALSE ARREST/DETENTION" against "Defendants" and "Bermudez [and] Lovato," but also referring to "Noon [and] Nosek" in an "Injury" section stating "TOTAL BETRAYAL [and] attempt to HUMILIATE [and] DEFAME [and] intimidate me";

In Count Six, Plaintiff invokes Fourth Amendment "protection against unreasonable search & seizure … KIDNAPPING" against "Defendants", "Roher, Noon, [and] Nosek," with the words "Bermudez/Lovato FAILURE TO INTERVENE" added in a superscript. Doc. 6 at 3–8.

The Amended Complaint succeeds in stating a claim only against Nosek in Count Three. The Court will dismiss all other defendants and counts without prejudice. If Plaintiff chooses to amend, she is advised to consider the Court's feedback on her complaints to understand why the second was less successful than the first.

**I.      Statutory Screening of In Forma Pauperis Complaints**

Under 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in

forma pauperis status, the Court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

To prevail in a § 1983 claim, a plaintiff must show that (1) acts by the defendants (2) under color of state law (3) deprived her of federal rights, privileges or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005) (quoting *Shoshone-Bannock Tribes v. Idaho Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994)). In addition, a plaintiff must allege that she suffered a specific injury

as a result of the conduct of a particular defendant and she must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**II.   Analysis**

    **A.  Conclusory and vague allegations**

The Amended Complaint makes many conclusory allegations. Under each count, Plaintiff includes a typed section above her written allegations. Each of these typed sections are almost entirely conclusory; most simply recite the elements of legal standards. Other allegations use legal language without any supporting facts. For example, the Amended Complaint refers to Defendant Roher several times but never asserts any specific facts related him. *See* Doc. 6 at 3 (he "conspired" with Nosek and Noon), 4 (he "conspired and made false statements" with Nosek and Noon), 6 (he "abused [his] position of power to falsely imprison me and silence me"). Similarly, in other places the Amended Complaint literally recites the elements of a cause of action rather than underlying facts. Doc. 6 at 3 ("Defendants abused their power[.]"). These statements are conclusions—judgments about what happened rather than a description of what happened. A description of what happened does not require any legalese. It is as simple as who, what, when, and where.

The Amended Complaint also includes many vague allegations. For example, the Amended Complaint frequently refers to "the officers" and all "Defendants." *See* Doc. 6 at 3 ("Defendants … orchestrat[ed] an unwarranted psychiatric evaluation … including the

forcible apprehension and transportation of Plaintiff to Banner [Center.]"); 5 ("These officers conspired to do as much harm to me as possible . . . ."). This approach does not provide the Court specific enough guidance to evaluate Plaintiff's claims. The Court cannot evaluate Plaintiff's claims without detailed facts describing what happened.

If Plaintiff decides to amend her complaint again, she is reminded to avoid conclusory or vague language. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). As the Court previously explained, Plaintiff must allege "a *specific* injury as a result of the conduct of a *particular* defendant and she must allege an affirmative link between the injury and the conduct of *that defendant*." Doc. 5 at 3 (emphasis added). Although she has done so with respect to Defendant Nosek, her Amended Complaint contains more vague and conclusory language than the first complaint.

With that, the Court turns to individual counts, categorized by defendant.

**B. Defendant Nosek**

In Count One (Fourth Amendment), the Amended Complaint alleges "Nosek conspired [with Noon and Roher] to put [Plaintiff] away, making up specious justification to get a judge to sign off on their scheme." Doc. 6 at 3. This allegation fails to state a claim because it is conclusory—"conspired" is a conclusion without alleged facts to support it.

In Count Two (Fifth Amendment), Plaintiff alleges Nosek "fraudulently obtained a petition to have [Plaintiff] involuntarily psych evaluated," "specifically applied to have [Plaintiff] falsely arrested, detained against [her] will on meritless, frivolous grounds," and

"falsely claimed in his application that [Pima County Sheriff's Department] 'attempted' to contact [Plaintiff] 3 times [and] yet 1 of those dates—Oct. 24—was a court date [with] them, misleading the court." Doc. 6 at 4. Most of these allegations fail to state a claim because they are conclusory: "fraudulently obtained," "falsely arrested," and "detained … on meritless, frivolous grounds" provide no facts by which the Court could draw its own conclusions. But, liberally construed, Plaintiff's allegation is that Nosek had Plaintiff committed without probable cause. As the Court previously noted, "[u]nder the *Fourth* Amendment, involuntary commitments are similar 'to a criminal arrest and must therefore be supported by probable cause.'" Doc. 5 at 4 (citing *Maag v. Wessler*, 960 F.2d 773, 775 (9th Cir. 1991)) (emphasis added). The problem is that Plaintiff has newly placed this allegation under a *Fifth* Amendment count. *See* Doc. 6 at 4. It does not state a Fifth Amendment claim. So the Court must dismiss Count Two with respect to Nosek.

In Count Three (First Amendment), Plaintiff alleges Nosek "said several times in his application to have me involuntarily locked up in a psych ward 'Trista filed/lodged complaint with [Internal Affairs] [for] excessive force,'" and so "his intent was obviously retaliatory in nature." Doc. 6 at 5. Plaintiff alleges Nosek "used baseless grounds to harass me[:] that I had 'delusions of being a good presidential candidate,' which appears to be a form of persecution of my political beliefs." *Id.* Under the First Amendment, a plaintiff can plead retaliation if she alleges facts showing "that (1) [she was] engaged in a constitutionally protected activity, (2) the defendant's actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in the defendant's conduct." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016). A plaintiff must also demonstrate that the "adverse action against [Plaintiff] would not have been taken absent the retaliatory motive." *Sampson v. Cnty. of Los Angeles*, 974 F.3d 1012, 1019 (9th Cir. 2020) (citing *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019)). Filing of a civil rights lawsuit is a protected activity. U.S. Const. amend. I*; Prime Healthcare Servs., Inc. v. Servs. Emps. Int'l Union*, 97 F. Supp. 3d 1169, 1196 (S.D. Cal. 2015) ("The right to petition the government extends to the courts

and, thus, includes the right to file certain lawsuits." (quoting *BE & K Constr. Co. v. NLRB*, 536 U.S. 516, 525 (2002))). Considering these legal standards, Plaintiff's allegations against Nosek in Count Three are sufficient to state a claim. The Court will require Nosek to answer Count Three.

In Count Six (Fourth Amendment), Plaintiff alleges Nosek conspired with the other defendants to "falsely report[] me for my alleged mental issues—what Nosek ridiculously called my '[Narcissistic] Personality Disorder,' see Ron Davis 2023 case." Doc. 6 at 8. Although the reference to Nosek's statement about Narcissistic Personality Disorder is factual, it does not state a Fourth Amendment claim. And Plaintiff's other allegation is conclusory because it states that Nosek "conspired" and "falsely reported" Plaintiff without providing any facts to support that conclusion.

### C. Defendant Noon

In Count One (Fourth Amendment), the Amended Complaint alleges "Noon conspired [with Nosek and Roher] to put [Plaintiff] away, making up specious justification to get a judge to sign off on their scheme." Doc. 6 at 3. This allegation fails to state a claim because it is conclusory—"conspired" is a conclusion without alleged facts to support it.

In Count Two (Fifth Amendment), the Amended Complaint alleges "Noon [with Nosek and Roher] conspired [and] made false statements designed to have the most traumatic effect on [Plaintiff] . . . [and] to silence [her] by incarceration until the trial." Doc. 6 at 4. This allegation fails to state a claim because it is conclusory—"conspired and made false statements" is a conclusion without alleged facts to support it.

In Count Six (Fourth Amendment), the Amended Complaint alleges "Noon [with Nosek and Roher][1] acted with reckless disregard for my constitutional right to lodge employee complaints of excessive force against officers acting so lawlessly – 1A Violation." Doc. 6 at 8. This allegation fails to state a claim because it is conclusory—"acted with reckless disregard" is a conclusion without alleged facts to support it. The

---

[1] Bermudez and Lovato are also added in a superscript followed by the all-caps phrase, "Failure to Intervene." The Court construes this as a failure-to-intervene claim against Bermudez and Lovato only and discusses it in the section dedicated to them below.

- 7 -

inclusion of the phrase "1A Violation" is also at odds with the Fourth Amendment title given to the count.

Thus, the Amended Complaint fails to state a claim against Noon. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The original complaint stated a claim against Defendant Noon because it alleged that Noon told Nosek to file the petition. *See* Doc. 5 at 4–5; Doc. 1 at 4. The Amended Complaint no longer makes that allegation.

Thus, the Court must dismiss Defendant Noon without prejudice.

### D. Defendant Roher

The Amended Complaint, like the original Complaint, pleads no facts specific to Defendant Roher. In Counts One through Six, Plaintiff includes Roher's name only in connection with all Defendants or in different combinations with them. *See, e.g.*, Doc. 6 at 3, 6, 8. None of these allegations say anything specifically about Roher's actions. Count Four gets closest: "Nosek & Roher in particular abused their positions of power to falsely imprison me and silence me from reporting on their misconduct." Doc. 6 at 6. But, again, that is a conclusion. Plaintiff must allege facts, not conclusions.

The Court will dismiss Defendant Roher again without prejudice. If Plaintiff chooses to amend and fails for a third time to add facts supporting her claims against Roher, the Court will consider dismissing him with prejudice.

### E. Defendants Lovato and Bermudez

The Amended Complaint, like the original Complaint, pleads only vague allegations that do not state a claim for failure to intervene against Defendants Lovato and Bermudez.

In Count Six, Plaintiff alleges that Lovato and Bermudez failed to intervene when they transported her against her will to Banner, "without even showing me Nosek's petition to have me unlawfully detained against my will." Doc. 6 at 7. "[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen." *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000) (quoting *United States*

*v. Koon*, 34 F.3d 1416, 1447 n.25 (9th Cir. 1994)). But liability attaches only if the offending officer acted in the presence of the other officer, and that officer "had an opportunity to intercede." *Id.* The Amended Complaint, like the original, does not allege Nosek's petition was created in the presence of either Defendant, or that either knew the petition was in retaliation for filing an Internal Affairs report. Her other pled facts—that Lovato and Bermudez handcuffed her while telling her she was not under arrest—also do not support a failure to intervene claim.

The Court will dismiss Defendants Lovato and Bermudez without prejudice. As with Roher, if Plaintiff chooses to amend and fails for a third time to add facts supporting her claims against Lovato and Bermudez, the Court will consider dismissing them with prejudice.

**III.   Conclusion & Leave to Amend**

For the foregoing reasons, the Court will order Defendant Nosek to answer Count Three of the Amended Complaint. The Court will dismiss all other counts and defendants without prejudice. Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on a court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count. A second amended complaint supersedes the original Complaint and First Amended Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Plaintiff chooses not to amend her complaint again, the case will move forward with respect to Defendant Nosek only. If Plaintiff chooses instead to amend her complaint again, she should carefully consider the Court's feedback on her first two complaints. To borrow a phrase attributed to Sergeant Joe Friday: "Just the facts, ma'am."

**IV.     Warnings**

**A. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**B. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**V.     Order**

Accordingly,

**IT IS ORDERED DIRECTING** Defendant Nosek to respond to Count Three of the Amended Complaint.

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** Defendants Noon, Roher, Lovato, and Bermudez. Plaintiff may file a second amended complaint to address the deficiencies identified above no later than 30 days from the date of this Order.

**IT IS FURTHER ORDERED DISMISSING WITHOUT PREJUDICE** Counts One, Two, Four, Five, and Six.

**IT IS FURTHER ORDERED DIRECTING** Plaintiff to provide service of the Summons, the Complaint, and this Order on Defendant Nosek in the time indicated by Rule 4 of the Federal Rules of Civil Procedure. Within 90 days of the filing of the Amended

Complaint or within 60 days of the filing of this Order, whichever is later, Plaintiff must either obtain waiver of service of the Summons or complete service of the Summons. If Plaintiff fails to obtain waiver of the Summons or complete service of the Summons, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

Dated this 11th day of July, 2024.

_____
John C. Hinderaker
United States District Judge